# UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON

| | |
|---|---|
| PHILIPPE LEMIEUX, Individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>    v.<br><br>CANAAN INC., NANGENG ZHANG, JIAXUAN LI, JIANPING KONG, QIFENG SUN, QUANFU HONG, CITIGROUP GLOBAL MARKETS INC., CHINA RENAISSANCE SECURITIES (HONG KONG) LIMITED, CMB INTERNATIONAL CAPITAL LIMITED, GALAXY DIGITAL ADVISORS LLC, HUATAI FINANCIAL HOLDINGS (HONG KONG) LIMITED, TIGER BROKERS (NZ) LIMITED, HAITONG INTERNATIONAL SECURITIES COMPANY LIMITED, and VIEWTRADE SECURITIES, INC.<br><br>       Defendants. | Case No:<br><br>CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS<br><br>JURY TRIAL DEMANDED |

Plaintiff Philippe Lemieux ("Plaintiff"), individually and on behalf of all other persons similarly situated, by Plaintiff's undersigned attorneys, for Plaintiff's complaint against Defendants (defined below), alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through his attorneys, which included, among other things, a review of the Defendants' public documents, conference calls and announcements made by Defendants, public filings, wire and press releases published by and regarding Canaan Inc. ("Canaan" or the "Company"), and information readily obtainable on the Internet. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

1

## NATURE OF THE ACTION

1.     This is a federal securities class action on behalf of all persons and entities, other than Defendants and their affiliates, who purchased or otherwise acquired publicly traded securities of Canaan, including its American Depository Shares ("ADSs"), pursuant and/or traceable to the Company's registration statement and related prospectus (collectively, the "Registration Statement") issued in connection with the Company's November 20, 2019 initial public offering (the "IPO"), seeking to recover compensable damages caused by Defendants' violations of the Securities Act of 1933 (the "Securities Act") (the "Class").

## JURISDICTION AND VENUE

2.     The claims asserted herein arise under and pursuant to Sections 11, 12(a)(2), and 15 of the Securities Act (15 U.S.C. §§ 77k, 77l, and 77o).

3.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, Section 22 of the Securities Act (15 U.S.C. § 77v).

4.     Venue is proper in this Judicial District pursuant to Section 28 U.S.C. § 1391(b) as the alleged misleading public filings and press releases entered this district.

5.     In connection with the acts, conduct and other wrongs alleged herein, Defendants either directly or indirectly used the means and instrumentalities of interstate commerce, including but not limited to the United States mails, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

6.     Plaintiff, as set forth in the accompanying certification, incorporated by reference herein, purchased Canaan ADSs pursuant and/or traceable to Registration Statement issued in connection with the Company's IPO and has been damaged thereby.

7.     Defendant Canaan purports to provide supercomputing solutions through proprietary high-performance computing application-specific integrated circuits ("ASICs"), primarily for the purposes of Bitcoin mining. The Company researches and develops ASIC applications for Bitcoin mining. The Company then designs, manufactures, and sells Bitcoin mining machines globally. Canaan is incorporated in the Cayman Islands and its head office is located at 29 Jiefang East Road, Jianggan District, Hangzhou, 310016, People's Republic of China. Canaan's securities trades on NASDAQ under the ticker symbol "CAN."

8.     Defendant Nangeng Zhang ("Zhang") has served as the Company's Chairman and Chief Executive Officer ("CEO") at all relevant times. Defendant Zhang signed or authorized the signing of the Registration Statement.

9.     Defendant Jiaxuan Li ("Li") has served as a director of the Company at all relevant times. Defendant Li signed or authorized the signing of the Registration Statement.

10.    Defendant Jianping Kong ("Kong") has served as a director of the Company at all relevant times. Defendant Kong signed or authorized the signing of the Registration Statement.

11.    Defendant Qifeng Sun ("Sun") has served as a director of the Company at all relevant times. Defendant Sun signed or authorized the signing of the Registration Statement.

12.    Defendant Quanfu Hong ("Hong") has served as the Company's Vice President of Finance and Principal Financial and Accounting Officer at all relevant times. Defendant Hong signed or authorized the signing of the Registration Statement.

13.    Defendants Zhang, Li, Kong, Sun, and Hong are collectively referred to herein as the "Individual Defendants."

14.    Each of the Individual Defendants:

3

(a)     signed the Registration Statement, solicited the investing public to purchase securities issued pursuant thereto, hired and assisted the underwriters, planned and contributed to the IPO and Registration Statement, and attended road shows and other promotions to meet with and present favorable information to potential Canaan, investors, all motivated by their own and the Company's financial interests;

(b)     directly participated in the management of the Company;

(c)     was directly involved in the day-to-day operations of the Company at the highest levels;

(d)     was privy to confidential proprietary information concerning the Company and its business and operations;

(e)     was directly or indirectly involved in drafting, producing, reviewing and/or disseminating the false and misleading statements and information alleged herein;

(f)     was directly or indirectly involved in the oversight or implementation of the Company's internal controls;

(g)     was aware of or recklessly disregarded the fact that the false and misleading statements were being issued concerning the Company; and/or

(h)     approved or ratified these statements in violation of the federal securities laws.

15.     Canaan is liable for the acts of the Individual Defendants and its employees under the doctrine of *respondeat superior* and common law principles of agency because all of the wrongful acts complained of herein were carried out within the scope of their employment.

16.     The scienter of the Individual Defendants and other employees and agents of the Company is similarly imputed to Canaan under *respondeat superior* and agency principles.

4

17.     Defendant Citigroup Global Markets Inc. ("Citigroup") is a financial services company that acted as an underwriter for Canaan's IPO, helping to draft and disseminate the Registration Statement and solicit investors to purchase Canaan securities issued pursuant thereto. Defendant Citigroup has offices in New York.

18.     Defendant China Renaissance Securities (Hong Kong) Limited ("CRS") is a financial services company that acted as an underwriter for Canaan's IPO, helping to draft and disseminate the Registration Statement and solicit investors to purchase Canaan securities issued pursuant thereto. Defendant CRS has offices in New York.

19.     Defendant CMB International Capital Limited ("CMB") is a financial services company that acted as an underwriter for Canaan's IPO, helping to draft and disseminate the Registration Statement and solicit investors to purchase Canaan securities issued pursuant thereto.

20.     Defendant Galaxy Digital Advisors LLC ("Galaxy") is a financial services company that acted as an underwriter for Canaan's IPO, helping to draft and disseminate the Registration Statement and solicit investors to purchase Canaan securities issued pursuant thereto. Defendant Galaxy has offices in New York.

21.     Defendant Huatai Financial Holdings (Hong Kong) Limited ("Huatai") is a financial services company that acted as an underwriter for Canaan's IPO, helping to draft and disseminate the Registration Statement and solicit investors to purchase Canaan securities issued pursuant thereto.

22.     Defendant Tiger Brokers (NZ) Limited ("Tiger Brokers") is a financial services company that acted as an underwriter for Canaan's IPO, helping to draft and disseminate the Registration Statement and solicit investors to purchase Canaan securities issued pursuant thereto.

23.     Defendant Haitong International Securities Company Limited ("Haitong") is a

financial services company that acted as an underwriter for Canaan's IPO, helping to draft and disseminate the Registration Statement and solicit investors to purchase Canaan securities issued pursuant thereto.

24.    Defendant ViewTrade Securities, Inc. ("ViewTrade") is a financial services company that acted as an underwriter for Canaan's IPO, helping to draft and disseminate the Registration Statement and solicit investors to purchase Canaan securities issued pursuant thereto.

25.    Defendants Citigroup, CRS, CMB, Galaxy, Huatai, Tiger Brokers, Haitong, and ViewTrade are collectively referred to hereinafter as the "Underwriter Defendants."

26.    Pursuant to the Securities Act, the Underwriter Defendants are liable for the false and misleading statements in the Registration Statement as follows:

(a) The Underwriter Defendants are investment banking houses that specialize in, among other things, underwriting public offerings of securities. They served as the underwriters of the IPO and shared millions of dollars in fees collectively.

(b) The Underwriter Defendants also demanded and obtained an agreement from Canaan and the Individual Defendants that Canaan would indemnify and hold the Underwriter Defendants harmless from any liability under the federal securities laws. They also made certain that Canaan had purchased directors' and officers' liability insurance.

(c) Representatives of the Underwriter Defendants also assisted Canaan and the Individual Defendants in planning the IPO, and purportedly conducted an adequate and reasonable investigation into the business and operations of Canaan, an undertaking known as a "due diligence" investigation. The due diligence investigation was required of the Underwriter Defendants in order to engage in the

6

IPO. During the course of their "due diligence," the Underwriter Defendants had

continual access to internal, confidential, current corporate information concerning

Canaan's most up-to-date operational and financial results and prospects.

(d) In addition to availing themselves of virtually unlimited access to internal corporate

documents, agents of the Underwriter Defendants met with Canaan's lawyers,

management and top executives and engaged in "drafting sessions." During these

sessions, understandings were reached as to: (i) the strategy to best accomplish the

IPO; (ii) the terms of the IPO, including the price at which Canaan ADSs would be

sold; (iii) the language to be used in the Registration Statement; what disclosures

about Canaan would be made in the Registration Statement; and (iv) what responses

would be made to the SEC in connection with its review of the Registration

Statement. As a result of those constant contacts and communications between the

Underwriter Defendants' representatives and Canaan's management and top

executives, the Underwriter Defendants knew of, or in the exercise of reasonable

care should have known of, Canaan's existing problems as detailed herein.

27.    Defendants Canaan, the Individual Defendants, and the Underwriter Defendants

are collectively referred to herein as "Defendants."

## SUBSTANTIVE ALLEGATIONS

### Materially False and Misleading
### Statements Issued During the Class Period

28.    On October 28, 2019, Canaan filed a registration statement on Form F-1 with the

Securities and Exchange Commission ("SEC") which, incorporating and in combination with

subsequent amendments on Forms F-1/A and filed pursuant to Rule 424(b)(4), would be used for

7

the IPO.

29.     On November 20, 2019, Canaan filed its final amendment to the Registration Statement, which registered 10 million Canaan ADSs for public sale, representing 150 million Class A Ordinary Shares. Each ADS represented fifteen Class A ordinary shares. That same day, the SEC declared the Registration Statement effective.

30.     On November 21, 2019, Defendants priced the IPO at $9 per ADS and filed the final Prospectus for the IPO on Form 424B4, which forms part of the Registration Statement.

31.     The Registration Statement contained untrue statements of material fact or omitted material facts required to make the statements made not misleading and was not prepared in accordance with the rules and regulations governing its preparation.

32.     Under applicable SEC rules and regulations, the Registration Statement was required to disclose known trends, events, or uncertainties that were having, and were reasonably likely to have, an impact on the Company's continuing operations.

33.     On October 27, 2019, Canaan entered into a "strategic cooperation" agreement with Hangzhou Grandshores Weicheng Technology Co., Ltd. ("Grandshores"). According to this agreement, Grandshores agreed to purchase from or distribute on behalf of Canaan up to $150 million USD worth of equipment. However, the Company failed to report this related party transaction in their Registration Statement. The extent of the Company's disclosure was as follows:

> **Other Transactions with Related Parties**
> In October 2017, Hangzhou Canaan entered into a share transfer agreement to dispose its 100% equity interest in its wholly owned subsidiaries Canaan Creative Hong Kong Co., Ltd. and Canaan Creative AB to BUMHUS OÜ, a company controlled by Mr. Xiangfu Liu, one of our principal shareholders, at a cash consideration of US$760,000 (equivalent to approximately RMB5.0 million). On the disposal date, the amounts due from these subsidiaries of RMB10.5 million to us were accounted for as our receivables. We received the receivables of RMB15.5 million in the year ended December 31, 2018.

8

34.     According to the Company's financial statements filed as a part of its Registration Statement with the SEC, the Company reported sales of $132 million USD in the first 9 months of 2019 and that it had $36.2 million USD in cash on hand at the end of 2018.

35.     Regarding its distribution model, the Company claimed in its Registration Statement that:

> While our current distribution method is to sell our AI ASICs directly to AI product developers, we plan to also sell our products through distributors in the future. We are already in talks with a number of local and overseas distributors.

36.     In its Registration Statement, the Company represented that it sold primarily to Chinese customers. In relevant part, the Registration Statement claimed that in 2017, 91.5% of its customers were based in China; in 2018, 76.1% of its customers were based in China; and in the first 9 months of 2019, 79.8% were based in China.

37.     The statements contained in ¶¶33-36 were materially false and/or misleading because they misrepresented and/or failed to disclose the following adverse facts pertaining to the Company's business, operations and prospects, which were known to Defendants or recklessly disregarded by them. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) the purported "strategic cooperation" was actually a transaction with a related party; (2) the company's financial health was worse than what was actually reported; (3) the company had recently removed numerous distributors from its website just prior to the IPO, many of which were small or suspicious businesses; and (4) several of the Company's largest Chinese clients in prior years were clients who were not in the Bitcoin mining industry and, thus, would likely not be repeat customers.

## THE TRUTH EMERGES

9

38.     On February 20, 2020, Marcus Aurelius Value published a report (the "Report")

explaining Canaan's numerous false and/or misleading statements.

39.     The Report noted that Canaan's strategic partnership with Grandshores was

actually a transaction with a related party, and likely a farcical one. The report stated, in pertinent

part:

> [W]e were troubled to discover that just one month before CAN's
> NASDAQ IPO, a tiny Hong Kong stock named Grandshores (HK 1647) announced
> a purported "strategic partnership" with CAN and agreed to purchase up to $150
> Million USD worth of equipment in 2020, an amount that nearly equals CAN's
> entire trailing twelve month revenues of approximately $177 million USD. We find
> the transaction farcical on its face because Grandshore's market cap is a mere $50
> Million USD and it reports having only $16 Million USD in cash on hand, nowhere
> near the financial wherewithal to buy this much equipment. Even Hong Kong
> analysts referenced in this Chinese media article (here) expressed doubt the deal
> would ever be consummated. ***Documents show that Grandshores is a clear related
> party because its Chairman, Yao Yongjie, is an "Angel investor" of CAN and
> owns 9.7% of CAN's shares outstanding through entities he controls. Yet this
> transaction is not mentioned anywhere in CAN's SEC filings.***

(Emphasis added.)

40.     The Report also pointed out after investigating Canaan's financial representations

that, despite the Company's financial statement reporting $36.2 million in cash, the Company was

sued in 2019 by a vendor for allegedly failing to pay an invoice of approximately $1.7 million.

According to the Report, the vendor stated, "[Canaan] said it couldn't pay [$1.7 million] because

of sales problems and market circumstances." (Internal quotations omitted.)

41.     The Report further outlined the Company's behavior with regards to its

distributors. In relevant part, the report stated:

> ***[Canaan] abruptly deleted 8 of the 11 unique distributors that were featured on
> its website shortly before the company's NASDAQ IPO.***
> One of these deleted distributors, Nova Bit Mining Solutions, is apparently
> controlled by one of [Canaan]'s sales representatives, Andres Romero. Romero's
> own LinkedIn profile lists himself as both "Global Sales" for [Canaan] and the CEO

of Nova Bit. In a 2018 Youtube Video, Romero identified himself as a [Canann] VP of Marketing and invited viewers to an event in Dubai. [Canaan] suddenly deleted Romero from its website sometime in the last few weeks (we archived it here) but used to feature him as a company "agent". Nova Bit's website continues to state it is "official distributors" of [Canaan.]

\*        \*        \*

Our review of the other seven deleted distributors reveals that ***most appear to be small, defunct, or otherwise incapable of buying material amounts of product from [Canaan.]***

(Emphasis added.)

42.    The Report also exposed the fact that some of Canaan's largest Chinese customers in past years would likely not be returning customers. The Report raised questions about the sustainability of Canaan's customer base, stating in relevant part:

[Canaan] reports that more than 87% of its sales are to customers in China, which stands in sharp contrast to [competitor] Bitmain which attributes only 33% of its sales to China. The quality and durability of [Canaan's] Chinese customer base is therefore of paramount importance for investors. This is exactly why we were disturbed to find that, in addition to related parties, other major customers identified in the Chinese listing documents filed by [Canaan] include businesses that appear to be in *entirely different industries.*

\*        \*        \*

An article published by *The Beijing News* in 2016 [. . .] also questioned why several of the company's other large customers were listed as being Chinese individuals.

43.    On this news, Canaan ADSs fell $0.39 per ADS, or over 6.8%, to close at $5.32 per share on February 20, 2020, damaging investors. Canaan ADSs now trade far below the IPO price.

44.    As a result of Defendants' wrongful acts and omissions, and the decline in the market value of the Company's ADSs, Plaintiff and other Class members have suffered significant losses and damages.

11

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

45.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a class consisting of all persons other than Defendants who purchased or otherwise acquired Canaan ADSs in its IPO or purchased Canaan ADSs thereafter in the stock market pursuant and/or traceable to the Company's Registration Statement issued in connection with the IPO and were damaged thereby. Excluded from the Class are Defendants, the officers and directors of the Company, members of the Individual Defendants' immediate families and the Individual Defendants' legal representatives, heirs, successors or assigns and any entity in which the officers and directors of the Company have or had a controlling interest.

46.     The members of the Class are so numerous that joinder of all members is impracticable. Since the IPO, the Company's securities have actively traded on NASDAQ. While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds, if not thousands of members in the proposed Class. Record owners and other members of the Class may be identified from records maintained by Canaan or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

47.     Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

12

48.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

49.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class that would establish incompatible standards of conduct for the party opposing the Class.

50.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

      (a)     whether the Securities Act was violated by Defendants as alleged herein;

      (b)     whether the Registration Statement were negligently prepared and contained materially misleading statements and/or omitted material information required to be stated therein; and

      (c)     the extent to which members of the Class have sustained damages and the proper measure of damages.

51.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

52.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as

the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

## COUNT I
### Violation of Section 11 of the Securities Act
### Against All Defendants

53.     Plaintiff repeats and incorporates each and every allegation contained above as if fully set forth herein, except any allegation of fraud, recklessness or intentional misconduct.

54.     This Count is brought pursuant to Section 11 of the Securities Act, 15 U.S.C. §77k, on behalf of the Class, against all Defendants.

55.     The Registration Statement for the IPO was inaccurate and misleading, contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading, and omitted to state material facts required to be stated therein.

56.     Canaan is the registrant for the IPO. Defendants named herein were responsible for the contents and dissemination of the Registration Statement.

57.     Defendants are strictly liable to Plaintiff and the Class for the misstatements and omissions.

58.     None of the Defendants named herein made a reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Registration Statement were true and without omissions of any material facts and were not misleading.

59.     By reasons of the conduct herein alleged, each Defendant violated, and/or controlled a person who violated Section 11 of the Securities Act.

14

60. Plaintiff acquired Canaan's ADSs pursuant and/or traceable to the Registration Statement.

61. At the time of their purchases of Cannan securities, Plaintiff and other members of the Class were without knowledge of the facts concerning the wrongful conduct alleged herein and could not have reasonably discovered those facts prior to the disclosures herein.

62. Plaintiff and the Class have sustained damages. The value of Canaan ADSs have declined substantially subsequent to and due to Defendants' violations.

63. This claim is brought within one year after discovery of the untrue statements and/or omissions in the Registration Statement that should have been made and/or corrected through the exercise of reasonable diligence, and within three years of the effective date of the Registration Statement. It is therefore timely.

## COUNT II
### Violation of Section 12(a)(2) of the Securities Act
### Against All Defendants

64. Plaintiff repeats and incorporates each and every allegation contained above as if fully set forth herein.

65. By means of the defective Registration Statement, Defendants promoted, solicited, and sold Canaan securities to Plaintiff and other members of the Class.

66. Defendants offered, sold and/or solicited a security, namely Canaan's ADSs by means of the IPO identified above, or were-controlling persons of Canaan or of those who offered and sold Canaan ADSs. The Registration Statement contained untrue and/or misleading statements of material fact that the Defendants in the exercise of reasonable care should have known were false.

67.    Defendants actively solicited the sale of Canaan ADSs to serve their own financial interests.

68.    Plaintiff did not know, nor in the exercise of reasonable diligence could Plaintiff have known, of the untruths and omissions contained in the Registration Statement at the time Plaintiff acquired Canaan securities.

69.    By reason of the conduct alleged herein, Defendants violated Section 12(a)(2) of the Securities Act, 15 U.S.C. §77l(a)(2). As a direct and proximate result of such violations, Plaintiff and the other members of the Class who purchased Canaan securities pursuant to the Registration Statement sustained substantial damages in connection with their purchases of the shares. Accordingly, Plaintiff and the other members of the Class who hold the securities issued pursuant to the Registration Statement have the right to rescind and recover the consideration paid for their shares, and hereby tender their securities to Defendants sued herein. Class members who have sold their securities seek damages to the extent permitted by law .

70.    Defendants are liable to Plaintiff and Class members pursuant to Section 12(a)(2) of the Securities Act, as seller of the securities in connection with the IPO.

71.    This Action is brought within three years from the time that the securities upon this Count is brought were sold to the public, and within one year from the time when Plaintiff discovered or reasonably could have discovered the facts upon which this Count is based.

### COUNT III
### Violation of Section 15 of The Securities Act
### Against Individual Defendants

72.    Plaintiff repeats and incorporates each and every allegation contained above as if fully set forth herein, except any allegation of fraud, recklessness or intentional misconduct.

73.    This cause of action is brought pursuant to Section 15 of the Securities Act, 15 U.S.C. §77o against the Individual Defendants and is based upon Section 15 of the Securities Act.

74.    The Individual Defendants were each control persons of Canaan by virtue of their positions as directors, senior officers, major shareholders and/or authorized representatives of Canaan. Individual Defendants had the power and influence and exercised the same to cause Canaan to engage in the acts described herein. The Individual Defendants each had a series of direct and/or indirect business and/or personal relationships with other directors and/or officers and/or major shareholders of Canaan.

75.    Canaan and the Individual Defendants were culpable participants in the violations of Sections 11 and 12(a)(2) of the Securities Act as alleged above, based on their having signed or authorized the signing of the Registration Statement and having otherwise participated in the process which allowed the IPO to be successfully completed.

76.    This claim is brought within one year after discovery of the untrue statements and/or omissions in the Offering that should have been made and/or corrected through the exercise of reasonable diligence, and within three years of the effective date of the Offering. It is therefore timely.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and the Class, prays for judgment and relief as follows:

(a)    declaring this action to be a proper class action, designating Plaintiff as Lead Plaintiff and certifying plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure and designating Plaintiff's counsel as Lead Counsel;

(b)      awarding damages in favor of Plaintiff and the other Class members against all defendants, jointly and severally, together with interest thereon;

(c)      awarding Plaintiff and the Class reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

(d)      awarding Plaintiff and other members of the Class such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

Dated: March 4, 2020

Respectfully submitted,

**RANSOM, GILBERTSON, MARTIN & RATLIFF LLP**
By:
Jeffrey S. Ratliff
8401 NE Halsey Street Suite 208
Portland, OR 97220
T: 503-226-3664

**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq.
Laurence M. Rosen, Esq.
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
        lrosen@rosenlegal.com

*Counsel for Plaintiff*

# Certification and Authorization of Named Plaintiff Pursuant to Federal Securities Laws

The individual or institution listed below (the "Plaintiff") authorizes and, upon execution of the accompanying retainer agreement by The Rosen Law Firm P.A., retains The Rosen Law Firm P.A. to file an action under the federal securities laws to recover damages and to seek other relief against Canaan Inc.. The Rosen Law Firm P.A. will prosecute the action on a contingent fee basis and will advance all costs and expenses. The Canaan Inc.. Retention Agreement provided to the Plaintiff is incorporated by reference, upon execution by The Rosen Law Firm P.A.

**First name:** Philippe
**Middle initial:**
**Last name:** Lemieux
**Address:** 
**City:**
**State:**
**Zip:**
**Country:**
**Facsimile:**
**Phone:**
**Email:**

Plaintiff certifies that:

1. Plaintiff has reviewed the complaint and authorized its filing.
2. Plaintiff did not acquire the security that is the subject of this action at the direction of plaintiff's counsel or in order to participate in this private action or any other litigation under the federal securities laws.
3. Plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary.
4. Plaintiff represents and warrants that he/she/it is fully authorized to enter into and execute this certification.
5. Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court.
6. Plaintiff has made no transaction(s) during the Class Period in the debt or equity securities that are the subject of this action except those set forth below:

Acquisitions:

| Type of Security | Buy Date | # of Shares | Price per Share |
|---|---|---|---|
| Common Stock | 02/12/2020 | 200 | 8.15 |

7. I have not served as a representative party on behalf of a class under the federal securities laws during the last three years, except if detailed below.

no

**Certification for Philippe Lemieux (cont.)**

I declare under penalty of perjury, under the laws of the
United States, that the information entered is accurate:                **YES**

By clicking on the button below, I intend to sign and execute
this agreement and retain the Rosen Law Firm, P.A. to
proceed on Plaintiff's behalf, on a contingent fee basis.              **YES**

Signed pursuant to California Civil Code Section 1633.1, et seq. - and the Uniform
Electronic Transactions Act as adopted by the various states and territories of the
United States.

Date of signing: 03/04/2020